TROUSER CORPORATION OF AMERICA
v. GOODMAN & THEISE, Inc.

Civ. A. No. 1180.

District Court, M. D. Pennsylvania.

March 15, 1945.

624

Raymond Bialkowski, of Scranton, Pa., for plaintiff.

Mackie, Murphy & Law, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is an action of trespass brought by the Trouser Corporation of America against the defendant, Goodman & Theise, Inc., seeking to recover damages to personal property through the negligence of the defendant. The case was tried before the Court and a jury, and a verdict was rendered for the plaintiff in the sum of $2,300.

On February 14 and 15, 1942 the defendant occupied the second floor of a building located at the corner of Meadow Avenue and Maple Street, Scranton, Pennsylvania, and was in entire control of same, and the plaintiff, engaged in the manufacture of trousers under contract for the United States Army, occupied the ground floor of the same building. The defendant was engaged in the silk throwing business.

The defendant in conducting its business maintained in its premises as part of its machinery a Fulflo Filter for the purpose of purifying water, essential in processing silk. On the dates mentioned, the defendant negligently permitted the Fulflo Filter to become in disrepair, causing the water passing through the filter to flow out in such quantities as to flood the defendant's premises and to seep through the floor down to the plaintiff's premises, causing damage to plaintiff's goods and materials and to stoppage or interruption of plaintiff's business.

The fifth paragraph of plaintiff's statement alleges "That on or about the dates aforesaid, the defendant corporation negligently permitted the Fulflo Filter to become in disrepair, causing the water passing therethrough to flow out in such quantities that it not only flooded the defendant's premises, but then seeped through the floor and down to the premises of the plaintiff."

The plaintiff contends that the manner in which the water leaked through a pipe into its premises raises the principle or doctrine of res ipsa loquitur, and also that the testimony of one of defendant's employees, in defendant's premises, while the water was still running, who stated that the Fulflo Filter had been removed and not replaced causing the leakage, is evidence of defendant's negligence.

The defendant contends that the doctrine of res ipsa loquitur does not apply because the fifth paragraph of plaintiff's statement alleges a specific act of negligence, and that this specific act must be proved, and also that the conversation between A. Fogley and the defendant's employee, Samuel Housley, that the Fulflo Filter had been removed by some person who forgot or failed to replace it, was not binding on the defendant.

■ First, as to the motion for judgment. On this motion all of the evidence must be considered must be favorable to the plaintiff. The leakage came from a water pipe in defendant's premises under the exclusive control of the defendant company, which was responsible for the care and protection of the water pipe at all times. The water could not escape from this pipe without the knowledge of the defendant, and under the evidence, without some lack of repair, or defect in the pipe. From this fact, and the exclusive control over defendant's premises, including the water pipe, where water escapes and injures a tenant on the floor below, the doctrine of res ipsa loquitur arises casting the burden on the defendant to disprove negligence.

■ The conversation between A. Fogley and the defendant's employee, Samuel Housley, that the Fulflo Filter had been removed and not replaced was a part of the res gestæ and evidence for the consideration of the jury in determining negligence.

■ The evidence of negligence in this case raises a question of fact for the jury and not of law for the Court. The motion for judgment non obstante veredicto must be overruled.

The defendant has filed its motion supported by four reasons for a new trial if the motion for judgment be refused.

■ The first reason alleges that the plaintiff is not entitled to recover loss of future income in the amount of $1,771.83, that the highest verdict possible was $1,723.50. It is claimed by the defendant that this sum of $1,771.83 covered future profits and therefore could not be allowed as a part of the verdict. The Court instructed the jury that future profits could not be allowed, but

that damages for interruption of the plaintiff's work or business directly due to the flooding of water by the negligence of the defendant could be considered. In this there was no error, and this reason must be dismissed.

In the second reason the defendant complains that the Court erred in admitting evidence over the defendant's objection as to the alleged conversation between A. Fogley and the defendant's employee, Samuel Housley, because:

(A) It was not a part of the res gestae.

(B) But was merely an expression of an opinion.

(C) Because it was not shown that Samuel Housley, defendant's employee, was a general superintendent having power to bind his employer by his admissions.

The conversation between Fogley and defendant's employee, Samuel Housley, was a part of the res gestae, having been made in defendant's exclusive premises while the water was still running. This reason must be dismissed.

In the Third reason the defendant complains that the Court erred in permitting the plaintiff to show the cost of making new loops to replace the damaged loops out of new pants and coats instead of restricting the plaintiff to proof of the value of the damaged loops at the time of the loss. The evidence shows that it was necessary to make these new loops to carry out the plaintiff's contract, and therefore the cost of making these new loops was a proper item of damage. This reason must be dismissed.

In the plaintiff's fourth reason for a new trial, it is complained that the Court erred in permitting the plaintiff to put in evidence, over defendant's objection, loss of future income in the amount of $1,771.83. As stated above, this item of loss was not a future income but a loss directly due to obstruction of plaintiff's work or business, and therefore a legitimate item of damage. The court did not allow evidence relating to the item of $1,771.83 as future income, but allowed evidence covering damages for obstruction or interference with the plaintiff's work in connection with its contract with the army. This reason must be dismissed.

Now, the motion for judgment is denied, and the motion for a new trial is refused, and judgment is directed to be entered for the plaintiff in accordance with the rules of Court.